# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| WALMART INC., <br><br> Plaintiff, <br><br> v. <br><br> JEAN KING, IN HER OFFICIAL CAPACITY AS CHIEF ADMINISTRATIVE LAW JUDGE OF THE OFFICE OF THE CHIEF ADMINISTRATIVE HEARING OFFICER; JAMES MCHENRY, IN HIS OFFICIAL CAPACITY AS CHIEF ADMINISTRATIVE HEARING OFFICER; MERRICK GARLAND, IN HIS OFFICIAL CAPACITY AS U.S. ATTORNEY GENERAL; TAE JOHNSON, IN HIS OFFICIAL CAPACITY AS SENIOR OFFICIAL PERFORMING THE DUTIES OF DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES OF AMERICA, <br><br> Defendants. | CIVIL ACTION NO. |

## **COMPLAINT**

1.     Walmart Inc. brings this action to stop administrative proceedings in a federal agency that are being conducted by an administrative law judge who is unconstitutionally shielded from the President's supervision.

2.     The DOJ's Office of the Chief Administrative Hearing Officer (OCAHO) is determining whether to impose civil penalties against Walmart for alleged violations of immigration-related recordkeeping requirements (but with no charges that Walmart employed anyone unlawfully).  Chief Administrative Law Judge King, who is presiding over those proceedings, is an executive officer whom the Attorney General may not remove except "for good cause as established and determined by the Merit Systems Protection Board."  5 U.S.C. § 7521.  And MSPB Members, in turn, may be removed by the President "only for inefficiency, neglect of duty, or malfeasance in office."  *Id.* § 1202.

3.     Under Supreme Court precedent, this scheme violates the Constitution.  Article II vests the "entire" power to execute federal law in the President "alone."  *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2197 (2020).  Wielding that power means that the President must have "authority to remove those who assist him" in his task.  *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 513-14 (2010).  The "general rule" is that the President has "unrestricted removal power" over inferior officers.  *Seila Law*, 140 S. Ct. at 2198.

4.     That rule is subject to just one narrow exception: Congress may impose modest removal protections on inferior officers "with limited duties and no policymaking or administrative authority."  *Id.* at 2198-2200.  The Supreme Court has invalidated a scheme that fell outside this exception because there were two levels of removal protection:  certain inferior officers had good-cause removal protection, and the principal officers that could remove the inferior officers also were viewed as being protected from removal.  *See Free Enterprise*, 561 U.S. at 484, 495.  Indeed,

the Fifth Circuit recently held unconstitutional the SEC's ALJ scheme—which is analogous to OCAHO's scheme—on just this ground. *See Jarkesy v. SEC*, 34 F.4th 446, 463-65 (5th Cir. 2022).

5. Here, as in *Free Enterprise Fund* and *Jarkesy*, OCAHO ALJs are unconstitutionally insulated from presidential control by two levels of removal protection. Moreover, even setting aside the MSPB's role, OCAHO's ALJs hold continuing offices with wide-ranging duties, not temporary or minor positions. They thus fall outside the Supreme Court's narrow exception.

6. The remedy for this unconstitutional scheme is to enjoin the pending administrative proceedings and declare them unlawful. "The substantial independence" of "administrative law judges is a central part of [this statutory] scheme." *Lucia v. SEC*, 138 S. Ct. 2044, 2060 (2018) (Breyer, J., concurring in the judgment in part); *see Ramspeck v. Fed. Trial Examiners Conf.*, 345 U.S. 128, 130-32 (1953). In fact, Congress expressly mandated that OCAHO "shall" use ALJs to conduct the civil-penalty adjudications at issue here. 8 U.S.C. § 1324a(e)(3)(B).

7. As a result, severing the removal protections of either OCAHO's ALJs or the MSPB would be "rewrit[ing] [the] statute" to "give it an effect altogether different from that sought by the measure viewed as a whole." *Murphy v. NCAA*, 138 S. Ct. 1461, 1482 (2018). Instead, this Court should hold that the removal restrictions are nonseverable and that OCAHO's ALJs thus lack the constitutional authority to act. *Cf. Collins v. Yellen*, 141 S. Ct. 1761, 1788 & n.23 (2021).

8. The Supreme Court recently made clear that federal courts can and should adjudicate claims like this one without waiting for the agency proceedings to conclude. The unconstitutional proceedings themselves impose a "here-and-now injury" that "cannot be undone" after they have concluded. *Axon Enter., Inc. v. FTC*, 143 S. Ct. 890, 903-04 (2023).

## THE PARTIES

9. Plaintiff Walmart, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

10. Defendant Jean King is the Chief ALJ of OCAHO, an office within the U.S. Department of Justice. She is sued in her official capacity.

11. Defendant James McHenry is the Chief Administrative Hearing Officer, the head of OCAHO. He is sued in his official capacity.

12. Defendant Merrick Garland is the Attorney General, the head of the U.S. Department of Justice. He is sued in his official capacity.

13. Defendant Tae Johnson is the Senior Official Performing the Duties of Director of U.S. Immigration and Customs Enforcement (ICE). He is sued in his official capacity.

14. The United States of America is named in accordance with 5 U.S.C. § 702. This is an action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer thereof acted or failed to act in an official capacity.

## JURISDICTION AND VENUE

15. As this action arises under the Constitution and laws of the United States and seeks relief against the United States, this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1346(a)(2). Walmart has a cause of action to sue for equitable relief, *see, e.g.*, *Free Enter. Fund*, 561 U.S. at 491 n.2; *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326-27 (2015), and for declaratory relief, *see* 28 U.S.C. § 2201. The United States has waived its sovereign immunity from this suit in 5 U.S.C. § 702. The *Larson-Dugan* exception to sovereign immunity for prospective relief against unconstitutional conduct by federal officers also applies here. *See, e.g.*, *Made in the USA Found. v. United States*, 242 F.3d 1300, 1308 n.20 (11th Cir. 2001).

16.     Venue is proper in this district under 28 U.S.C. § 1391(e)(1)(B).  Defendants are the United States and officers of an agency of the United States, acting in their official capacity. A substantial part of the events or omissions giving rise to Walmart's claim occurred in this district. In November 2022, ICE informed Walmart that an inspection of 20 Walmart facilities had resulted in 11,103 charged paperwork violations.  One of the implicated locations is Walmart's facility in Statesboro, Georgia, where ICE's audit resulted in 739 charged violations.  The other 19 facilities are spread out across 18 other judicial districts, and each of them has roughly comparable (and often lower) numbers of charged violations.  ICE has initiated 20 separate adjudications against Walmart before OCAHO, including one concerning the facility in Statesboro, Georgia.

## BACKGROUND

17.     Under 8 U.S.C. § 1324a, employers like Walmart must verify new employees' identity and employment eligibility by completing a Form I-9, then retain the I-9s for a specified period.  ICE investigates compliance with these requirements.  8 C.F.R. § 27a.9(b).

18.     The alleged paperwork violations charged by ICE generally pertain to alleged errors in the electronic systems that Walmart's 20 facilities use to complete and store employees' I-9s. ICE did not charge that Walmart employed anyone unlawfully.

19.     Walmart timely sought a hearing to contest ICE's charges.  By law, such a hearing "shall be conducted" by an OCAHO ALJ.  8 U.S.C. § 1324a(e)(3)(B).

20.     The Attorney General may not remove OCAHO ALJs from their positions except "for good cause established and determined by the Merit Systems Protection Board."  5 U.S.C. § 7521.  The President, in turn, may remove MSPB Members "only for inefficiency, neglect of duty, or malfeasance in office."  *Id.* § 1202.

21.     Before OCAHO, ICE has filed 20 amended complaints against Walmart (one for each facility), seeking $24 million in penalties.  Walmart has filed 20 amended answers and motions to dismiss.  Chief ALJ King is presiding over all 20 cases.

22.     As the parties litigate 20 sets of facility-specific charges, Walmart anticipates significant pre-hearing discovery.  Under OCAHO regulations, that discovery will resemble what is available in federal district court, and Chief ALJ King will exercise broad supervisory powers over that discovery, akin to those of a federal district judge.  *See* 28 C.F.R. Part 68.

## **CLAIM FOR RELIEF**

23.     Walmart repeats and realleges each allegation in paragraphs 1-22 above as if fully set forth here.

24.     Chief ALJ King and all other OCAHO ALJs are inferior executive officers of the United States.

25.     Chief ALJ King and all other OCAHO ALJs are insulated from removal by the President, pursuant to 5 U.S.C. § 7521 and 5 U.S.C. § 1202, in violation of Article II of the Constitution of the United States.

26.     It would be contrary to congressional intent to sever either the removal restriction in Section 7521 or the removal restriction in Section 1202, especially with respect to OCAHO's ALJs, whom Congress specified must be the ones to conduct adjudications pursuant to 8 U.S.C. § 1324a(e)(3)(B).

27.     As a result, Chief ALJ King and all other OCAHO ALJs lack the constitutional authority to conduct the pending adjudications against Walmart.

## PRAYER FOR RELIEF

Walmart requests:

(1) Permanent and preliminary injunctive relief enjoining Defendants from proceeding with the OCAHO adjudications pending against Walmart;

(2) Declaratory judgment that Defendants may not proceed with the OCAHO adjudications pending against Walmart;

(3) Such other and further relief as this Court may deem just and proper, including, but not limited to, reasonable fees and costs.

June 16, 2023                                             Respectfully submitted,

/s/ Joseph E. Finley
Attorney Bar Number: 261526
JONES DAY
1221 Peachtree St., N.E., Suite 400
Atlanta, GA  30361
(404) 521-3939
jfinley@jonesday.com

Hashim M. Mooppan (pro hac vice pending)
T. Elliot Gaiser (pro hac vice pending)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C.  20001
(202) 879-3939
hmmooppan@jonesday.com

*Attorneys for Plaintiff Walmart Inc.*